NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAKKS PACIFIC, INC., | Civil Action No.: 11-479 (ES) |
| Plaintiff, | |
| | OPINION |
| SHELLY CONTE and CINDY REICHMAN, | |
| Defendants. | |

**SALAS, District Judge**

**I.   Introduction**

Defendants Shelly Conte and Cindy Reichman (collectively "Defendants") have moved to dismiss JAKKS Pacific, Inc.'s ("Plaintiff" or "JAKKS") Complaint either for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), or for improper venue pursuant to 28 U.S.C. § 1405. Alternatively, Defendants seek to transfer this matter for the convenience of the parties and witnesses in accordance with 28 U.S.C. § 1404. (Docket Entry Nos. 6, 7).[1]  The Court has considered the briefs submitted in support of and in opposition to the present motion, and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, the Court grants Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2).[2]

---

[1] This Court addresses both Defendant Conte's Motion to Dismiss (Docket Entry No. 6) and Defendant Reichman's Motion to Dismiss (Docket Entry No. 7) in this Opinion.  In doing so, the Court notes that it appears Defendants filed identical moving briefs.

[2] Since the Court dismisses Plaintiff's Complaint for lack of personal jurisdiction, it declines to address Defendants' alternative arguments, *i.e.*, dismissal for improper venue as well as transfer for the convenience of the parties and

## II.     Background[3]

Plaintiff JAKKS is a Delaware Corporation that maintains its principal place of business in Malibu, California. (Compl. ¶ 3). JAKKS is in the business of manufacturing and selling toys and toy products nationally and internationally. (*Ibid.*). Defendants are a mother and daughter who reside in Fresno County, California. (*Id.* ¶ 5). They own United States Patent No. 6,494,457 which claims an interactive, hide and seek toy doll (Hide 'N Seek Hayley) that allows a child holding a hand-held transmitter and receiver to look for the doll while receiving verbal clues relating to the dolls whereabouts. (*Id.* ¶¶ 10, 11).

On or about December 22, 2010, Defendants—through their counsel—sent a letter to Toys "R" Us, Inc. at its headquarters located in Wayne, New Jersey. (*Id.* ¶ 34). Defendants contend that this letter was sent to Toys "R" Us because in or around December 2010, they "became aware, through television advertisements, that Plaintiff was selling Care Bears through Toys "R" Us," (Conte Decl. ¶ 16; Reichman Decl. ¶ 16), that were nearly identical in design, concept, and capabilities to Defendants' patented toy doll. (Compl. ¶ 35). As a result of this letter, JAKKS filed a complaint in the United States District Court for the District of New Jersey on January 24, 2011, seeking relief under the patent, trademark, and copyright laws of the United States.[4] (*See id.* ¶ 1). Specifically, JAKKS "seeks a declaration that . . . its HIDE 'N SEEK SECRET BEAR and HIDE 'N SEEK SURPRISE BEAR, do not infringe on any patent, trademark, or copyright owned by the Defendants, particularly their HIDE 'N SEEK HAYLEY DOLL . . . ." (*Ibid.*).

---

witnesses.  *See Ashmore v. Ashmore*, No. 11-5708, 2011 U.S. Dist. LEXIS 130902, at *39 (D.N.J. Nov. 10, 2011) ("Since this Court dismisses Plaintiff's Complaint for failure to state a claim, it need not address . . . additional grounds for dismissal.").

[3] For the benefit of the parties, the Court limits its discussion in this section to the necessary jurisdictional facts pertinent to the issue of whether this Court has personal jurisdiction over the Defendants.

[4] Plaintiff also seeks damages for defamation, tortious interference with contractual relationships, and tortious interference with business relations under New Jersey's common law. (*See* Compl. Counts IV, V, and VI).

On April 4, 2011, Defendants moved to dismiss Plaintiff's complaint contending that this Court lacks personal jurisdiction over them for the following two reasons. First, Defendants assert they "have never availed themselves of the jurisdiction of New Jersey." (Def. Moving Br. at 3). Second, Defendants argue that their one cease-and-desist letter to Toys "R" Us does not confer personal jurisdiction over them in this forum. (Def. Reply Br. at 9). Conversely, JAKKS contends that this Court has personal jurisdiction over Defendants because "Defendants have purposefully entered the State of New Jersey" by virtue of their December 22, 2010 letter. (Pl. Opp. Br. at 1).

The parties have submitted their respective briefs and the motion is now ripe for this Court's adjudication.[5]

### III.    Standard of Review

JAKKS filed this action in the District of New Jersey and, therefore, this Court must decide whether it has jurisdiction over the Defendants in this forum. A defendant is subject to the jurisdiction of a United States district court if the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A).

When a defendant properly disputes the existence of personal jurisdiction, the plaintiff bears the burden to establish, by a preponderance of the evidence, sufficient facts demonstrating that the court has jurisdiction. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992) (citation omitted). The plaintiff may not "rely on the bare pleadings alone in order to withstand the defendant's [] motion . . . ." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735

---

[5] Although Defendants challenge this Court's personal jurisdiction, "it is well established that the trial court has inherent power and jurisdiction to decide whether it has jurisdiction." *See In re Automotive Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 303 (3d Cir. 2004).

F.2d 61, 66 n.9 (3d Cir. 1984).  Instead, "the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence."[6] *Ibid.*

A federal court sitting in diversity must undertake a two-step inquiry when determining whether to exercise personal jurisdiction over a defendant. *IMO Indus., Inc. v. Kiekert* AG, 155 F.3d 254, 259 (3d Cir. 1998). First, the court must apply the relevant state's long-arm statute to determine whether it permits the court to exercise personal jurisdiction. *Ibid.* The court then applies the principles of due process. *Ibid.* In New Jersey, this inquiry is distilled "into a single step because New Jersey['s] long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *Ibid.*; *Colvin v. Van Wormer Resorts, Inc.*, 417 F. App'x 183, 186 (3d Cir. 2011) ("Federal courts situated in New Jersey may exercise personal jurisdiction to the extent permitted under New Jersey state law.") (internal citation omitted). Thus, the central inquiry is whether defendant has "certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (internal citations and quotation marks omitted); *Bonacci v. Marks*, No. 92-4047, 1993 U.S. Dist. LEXIS 12482, at *8-9 (D.N.J. Sept. 7, 1993) ("A court may exercise personal jurisdiction over a non-resident defendant only where 'minimum contacts' exists such that jurisdiction 'does not offend traditional notions of fair play and substantial justice.'") (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Having minimum contacts with another state provides 'fair warning' to a defendant that he or she may be subject to suit in that state." *Kehm Oil Co. v.*

---

[6] The Court notes that in attempting to sustain its burden of proof to establish jurisdictional facts by way of sworn affidavits or other competent evidence, Plaintiff submitted a copy of the following documents: (1) the complaint filed in this action; (2) United States Patent No. 6,494,457 assigned to Shelly Conte and Cindy Reichman; (3) the Trademark Principal Register (Reg. No. 3,056,211) for Hide 'N Seek Hayley; (4) the Trademark Principal Register (Reg. No. 2,660,807) for Hayley; (5) the complaint filed by Shelly Conte and Cindy Reichman in the Superior Court of California, including the exhibits attached thereto; (6) the Tentative Ruling issued by the Superior Court of California, and (7) the December 22, 2010 letter to Toys "R" Us.  These exact documents were previously attached to Plaintiff's complaint.

*Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

"Federal Circuit law governs the issue of personal jurisdiction in patent-related cases where the defendant is from out-of-state or where the action is for declaratory judgment and the defendant is a patentee." *Pharmanet, Inc. v. Datasci Ltd. Liab. Co.*, No. 08-2965, 2009 U.S. Dist. LEXIS 11661, at *31 (D.N.J. Feb. 17, 2009) (citing *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002) (internal citation omitted); *Early Learning Res., LLC v. Sebel Furniture Ltd.*, No. 10-6335, 2011 U.S. Dist. LEXIS 112483, at *8 (D.N.J. Sept. 30, 2011) ("Federal Circuit law applies to personal jurisdiction questions when a foreign patentee is a declaratory judgment defendant") (citing *Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002)); *see also* (Pl. Opp. Br. at 2 ("[t]he only issue before the Court is whether or not JAKKS' products infringe")). When the parties have yet to engage in discovery, "the plaintiff . . . need 'only [] make a prima facie showing' that the defendants were subject to personal jurisdiction." *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003) (citing *Deprenyl*, 297 F.3d at 1347; *Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1383 n.1 (Fed. Cir. 1998)). "In the procedural posture of a motion to dismiss, a district court must accept the *uncontroverted* allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor."[7] *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (emphasis in original) (internal citation omitted).

There are two types of personal jurisdiction—general and specific. "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state." *IMO Indus., Inc.*, 155 F.3d at 259 (citing *Helicopteros Nacionales de Columbia, S.A. v.*

---

[7] As previously indicated, *see* n.6, *supra*, JAKKS did not accompany its opposition brief with an affidavit.

*Hall*, 466 U.S. 408-414-15 (1984)); *see also Silent Drive, Inc.*, 326 F.3d at 1200.  General jurisdiction authorizes a court to assert jurisdiction over an out-of-state defendant "even when the cause of action has no relationship with those contacts."  *Silent Drive*, 326 F.3d at 1200 (quoting *Helicopteros* 466 U.S. at 416).  By contrast, "specific jurisdiction must be based on activities that arise[] out of or relate [] to the cause of action and can exist even if the defendant's contacts are isolated and sporadic."  *Pharmanet, Inc.*, 2009 U.S. Dist. LEXIS 11661, at *35 (internal citation and quotation marks omitted) (alteration in original).[8]

## IV. Analysis

### A. The December 22, 2010 Letter

As a threshold issue, the Court determines whether the December 22, 2010 letter can be characterized as a cease-and-desist letter.  "Cease-and-desist letters are commonly used to stop or block the suspected or actual infringement of an intellectual-property right before litigation [is commenced]."  *Black's Law Dictionary* (9th ed. 2009).  Cease-and-desist letters are also utilized to "obtain . . . out-of-court resolution[s]."  *Piano Wellness, LLC v. Williams*, No. 11-1601, 2011 U.S. Dist. LEXIS 146654, at *20 n.5 (D.N.J. Dec. 21, 2011) (citing *Database Am., Inc. v. Bellsouth Adver. & Pub. Corp.*, 825 F. Supp. 1195, 1213 n.30 (D.N.J. 1993).  Cease-and-desist letters provide patentees with the ability to send cautionary notices which describe the offensive activity at issue as well as the remedy the patentee seeks to obtain.  *Black's Law Dictionary* (9th ed. 2009).

These cautionary notices need not, however, explicitly be labeled cease and desist, nor need they affirmatively allege infringement to be considered a cease-and-desist letter.  Indeed,

---

[8] The Court's analysis will focus on specific jurisdiction for two reasons.  First, JAKKS does not argue that this Court could exercise general jurisdiction over the Defendants.  Second, assuming *arguendo*, that JAKKS were to make such an argument, the Court finds that Defendants have not maintained "continuous and systematic contacts" with this forum.  *Silent Drive*, 326 F.3d at 1200.  Indeed, Defendants only contact with this forum is the December 22, 2010 letter.

"letters containing an 'implication of infringement' can be viewed as 'cease and desist' letters for jurisdictional purposes despite the fact that the letters did not expressly accuse the recipient of . . . infringement." *Pharmanet, Inc.*, 2009 U.S. Dist. LEXIS 11661, at *36-37 n.2 (quoting *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1367 n.8 (Fed. Cir. 2006)).

With these principles in mind, the Court analyzes the Defendants' letter, which provides:

> Dear Gentlepersons:
>
> Please take notice that this firm represents Ms. Shelly Conte and Ms. Cindy Reichman . . . with respect to certain of their intellectual property matters pertaining to their *Hide 'N Seek Hayley* dolls. Since approximately 2005, Jakks Pacific, Inc. has sold a *Hide 'N Seek Care Bear* version of the *Hide 'N Seek Hayley* doll under their *Play Along* name. The concept and design for this toy and its capabilities are nearly identical to those of *Hide 'N Seek* Hayley, which is patented, trademarked, and copyrighted to Ms. Shelly Conte and Ms. Cindy Reichman.
>
> Our office is writing to you concerning Toys R. Us, Inc.'s sale of Jakks Pacific, Inc.'s *Hide 'N Seek Secret Bear* and *Hide 'N Seek Surprise Bear* sold in your stores between the years 2005 and 2008. It is our belief that Toys R. Us, Inc. has sold *Hide 'N Seek Care Bear* dolls from Jakks Pacific, Inc., specifically the *Hide 'N Seek Secret Bear* and the *Hide 'N Seek Surprise Bear*, at its Toys R. Us Stores, as well as its affiliate stores, such as KB Toys, EToys, FAO, and Toys.com.
>
> Please provide our office with the total number of *Hide 'N Seek Secret Bears*, as well as the total number of *Hide 'N Seek Surprise Bears* sold in each store owned and operated by Toys R. Us, Inc., to include, but not be limited to, KB Toys, EToys, FAO, Toys.com and Toys R. Us, between the years 2005 and 2008. In your response, please provide the average price for which these *Hide 'N Seek Care Bear* dolls were sold.
>
> Thank you for your prompt attention to this matter. Please contact our office should you have any questions regarding the foregoing.

(Document Entry No. 1-6).

Having thoroughly analyzed the language quoted above, the Court finds Defendants' letter to be a cease-and-desist letter for the following four reasons. First, the letter appears to be a cautionary notice that describes the offensive activity at issue. Specifically, the letter explains that Toys "R" Us, and its affiliate stores, have sold products of JAKKS which are nearly identical to the design and concept of a product which is patented, trademarked, and copyrighted to Defendants. Second, the letter is remedial in nature, that is Defendants asked Toys "R" Us to provide sales information relating to the sale of JAKKS's *Hide 'N Seek Care Bear* dolls. Third, it is of no moment that Defendants' letter was not labeled "cease and desist" because implicit within the body of the letter was the notion of infringement. *See e.g.*, *Pharmanet, Inc.*, 2009 U.S. Dist. LEXIS 11661, at *36-37 n.2 (finding a one-page letter sent by defendant's attorney to be a cease-and-desist letter despite the fact that it neither alleged infringement nor was it labeled cease and desist). Finally, it is plausible that the letter could have been used either to stop or block suspected infringement relating to Defendants' intellectual property rights, or to obtain an out-of-court resolution with JAKKS. For these reasons, the Court finds that Defendants' letter to Toys "R" Us was a cease-and-desist letter.

Therefore, the Court next turns to its analysis of specific jurisdiction.

### B.      Specific Jurisdiction Over the Defendants in the District of New Jersey

The Court next addresses whether, in light of Defendants' December 22, 2010 letter, it may exercise specific jurisdiction over the defendant. Thus, the jurisdictional issue presented here turns on whether this Court's exercise of jurisdiction would be consistent with the requirements of due process.

Under Federal Circuit law, for specific jurisdiction to be properly exercised under the Due Process Clause, the plaintiff must satisfy a three-prong test. The test considers whether (1)

the defendant purposefully directed its activities to residents of the forum, (2) the claim arises out of or relates to the defendants' activities with the forum, and (3) the assertion of personal jurisdiction is reasonable and fair. *Breckenridge Pharm., Inc.* 444 F.3d at 1363.[9]

"[T]he relevant inquiry for specific jurisdiction is 'to what extent . . . the defendant patentee purposefully directed such enforcement activities at residents of the forum and the extent to which the declaratory judgment claim arises out of or relates to those activities.'" *Radio Systems Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011) (citing *Avocent*, 552 F.3d at 1332) (internal citations and quotation marks omitted). "Thus, only those activities of the patentee that relate to the enforcement or defense of the patent can give rise to specific personal jurisdiction for such an action." *Ibid.* (internal citation omitted).

"The crux of the due process inquiry should focus first on whether the defendant has had contact with parties in the forum state beyond the sending of cease and desist letters . . . ." *Avocent*, 552 F.3d at 1334 (quoting *Breckenridge*, 444 F.3d at 1366). The inquiry should begin here because "even though cease-and-desist letters alone are often substantially related to the cause of action (thus providing minimum contacts), the minimum requirements inherent in the concept of fair play and substantial justice . . . defeat the reasonableness of jurisdiction." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (internal citation and quotations marks omitted). This is because "[p]rinciples of fair play and substantial justice afford a patentee sufficient latitude to inform *others* of its patent rights without subjecting itself to jurisdiction in a foreign forum." *Ibid.* (emphasis added). To that end, "[a] patentee should not

---

[9] The Federal Circuit has explained that "the first two factors correspond with the 'minimum contacts' prong of the *International Shoe* analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis." *Lawman Armor Corp. v. Simon*, 319 F. Supp. 2d 499, 502 (E.D. Pa. 2004) (citing *Silent Drive, Inc.*, 326 F.3d at 1202; *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001)). "In the first prong, the burden of proof is on the plaintiff to establish minimum contacts. However, in the second prong, the burden of proof is on the defendant to demonstrate the presence of other considerations that render the exercise of jurisdiction unreasonable." *Pharmanet, Inc.*, 2009 U.S. Dist. LEXIS 11661, at *34 (internal citations and quotation marks omitted).

subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement." *Ibid.*

Hence, in declaratory judgment actions where a plaintiff seeks a judgment of non-infringement, case law has "required the defendant to have engaged in 'other activities' that relate to the enforcement or . . . defense of the validity of the relevant patents." *Avocent*, 552 F.3d at 1334 (citing *Campbell Pet Co. v. Miale*, 542 F.3d 879, 886 (Fed. Cir. 2008)). "Examples of these 'other activities' include initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Ibid.* (citing *Campbell Pet Co.*, 542 F.3d at 886). "[T]he plaintiff need not be the forum resident toward whom any, much less all, of the defendant's relevant activities were purposefully directed." *Breckenridge*, 444 F.3d at 1365 (internal citation omitted).

In light of the above, the Court finds that it cannot exercise personal jurisdiction over the Defendants for the following three reasons. First, the law is clear: "cease-and-desist letters alone do not suffice to justify personal jurisdiction . . . [because] such letters cannot satisfy the second prong of the Due Process inquiry." *Red Wing Shoe Co.*, 148 F.3d at 1361; *Autogenomics, Inc.*, 566 F.3d at 1021 (holding "that the district court d[id] not have specific personal jurisdiction over [defendant] because [plaintiff] has failed to allege sufficient activities relat[ing] to the validity and enforceability of the patent in addition to the cease-and-desist communication") (internal citation and quotation marks omitted); *Campbell Pet Co.*, 542 F.3d at 885 ("the sending of an infringement letter, without more, is insufficient to satisfy the requirements of due process when exercising jurisdiction over an out-of-state patentee"); *Inamed Corp.*, 249 F.3d at 1361 ("We have . . . repeatedly held that the sending of an infringement letter, without more, is

insufficient to satisfy the requirements of due process when exercising jurisdiction over an out-of-state patentee."); *Genetic Implant Sys. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997) ("We have held that sending infringement letters, without more activity in a forum state, is not sufficient to satisfy the requirements of due process."); *Akro Corp. v. Luker*, 45 F.3d 1541, 1548 (Fed. Cir. 1995) ("Warning letter from and negotiations for a license with an out-of-state patentee cannot, without more, support personal jurisdiction in an action for a declaratory judgment."); *Kehm Oil Co.*, 537 F.3d at 301 ("a cease and desist letter does not rise to the level of purposeful availment for purposes of jurisdiction"); *Pro Sports Inc. v. Champion Sports*, 639 F. Supp. 2d 475, 481 (D.N.J. 2009) ("cease and desist letters, without more, do not support specific personal jurisdiction"); *Piano Wellness, LLC v. Williams*, No. 11-1601, 2011 U.S. Dist. LEXIS 146654, at *20 (D.N.J. Dec. 21, 2011) ("The sending of a cease and desist letter does not establish the minimum contacts or purposeful availment necessary for specific jurisdiction over a defendant."); *Early Learning Resources, LLC*, 2011 U.S. Dist. LEXIS 112483, at *13 ("Therefore, this [c]ourt cannot exercise personal jurisdiction over Sebel because the single cease and desist letter sent to ECR in New Jersey does not establish . . . specific jurisdiction."); *Pharmanet, Inc.*, 2009 U.S. Dist. LEXIS 11661, at *36 ("the sending of an infringement letter, without more, is insufficient to satisfy the requirements of due process when exercising jurisdiction over an out-of-state patentee"). For that reason, Defendants' December 22, 2010 letter is insufficient to justify exercising personal jurisdiction over the Defendants.

Second, Defendants have not engaged in other activities in this forum that relate to either enforcing or defending the validity of their patent. *See Avocent*, 552 F.3d at 1334 (case law has "required the defendant to have engaged in 'other activities' that relate to the enforcement or . . .

- 11 -

defense of the validity of the relevant patents").[10] To be clear, Defendants have neither initiated judicial or extra-judicial patent enforcement within the forum, nor have Defendants entered into licensing agreements or other undertakings which impose enforcement obligations with a party residing or regularly doing business in the forum. To date, Defendants' only contact with this forum is the December 22, 2010 letter sent to the headquarters of Toys "R" Us.

Finally, the principles of fair play and substantial justice endow the Defendants, as patentees, with sufficient latitude to inform *others* of its patent rights without being subjected to jurisdiction in a foreign forum. *See Red Wing Shoe, Co.*, 148 F.3d at 1361 (emphasis added). The underlying rationale behind this legal precept is twofold. First, such letters "attempt[] to produce out-of-court solutions . . . , [which align] [t]he interests of the parties and public policy favoring [private] resolution of difficulties . . . ." *Starline Optical Corp. v. Caldwell*, 598 F. Supp. 1023, 1027 (D.N.J. 1984). Second, if these types of letters were "to operate as a waiver of objection to *in personam* jurisdiction, the result would be a chilling effect on [the] assertion of legal rights by holders of copyrights, patents, and trademarks." *Ibid.*; *Piano Wellness, LLC*, 2011 U.S. Dist. LEXIS 146654, at *20 n.5 (noting that "if sending cease and desist letters served as a waiver of objection to *in personam* jurisdiction, 'the result would be a chilling effect on assertion

---

[10] The Federal Circuit has clarified what would be considered "sufficient additional conduct, beyond merely informing others of its patent rights and its intention to enforce those rights through litigation," *Campbell Pet Co.*, 542 F.3d at 885-86, thereby justifying not affording the patentee protection against a declaratory judgment action brought in a foreign forum to which the patentee directed its actions. *See, e.g.*, *Campbell Pet Co.*, 542 F.3d at 887 (holding that defendant's actions, which included confronting several of plaintiff's employees with accusations of infringement, threatening patent litigation, enlisting a third party to have plaintiff's allegedly infringing product removed from a convention, and "bad mouthing" plaintiff's products while in the forum state, amounted to sufficient additional conduct justifying personal jurisdiction over the defendant); *Breckenridge Pharm., Inc.*, 444 F.3d at 1366-67 (entry into an exclusive license with an entity in the forum state is a sufficient additional factor to justify the exercise of personal jurisdiction); *Electronics for Imaging v. Coyle*, 340 F.3d 1344, 1351 (Fed. Cir. 2003) (other forum state activities by the defendant, such as visiting the plaintiff, hiring an attorney, and telephoning the plaintiff there on several occasions were sufficient to justify personal jurisdiction over the defendant); *Inamed Corp.*, 249 F.3d at 1361 (defendant's successful negotiation of licensing agreements with plaintiff constituted sufficient "other activities" beyond the sending of an infringement letter which justified subjecting the patentee to personal jurisdiction in the forum state); *Genetic Implant Sys.*, 123 F.3d at 1458 (personal jurisdiction upheld where, beyond sending cease-and-desist letters, defendant engaged in a program to develop a market in the forum state, including developing customer lists and advertising there); *Akro Corp.*, 45 F.3d at 1548-49 (exclusive licensing of the accused infringer's competitor in the forum state constituted the required additional activity beyond sending warning letters).

of legal rights by holders of copyrights, patents, and trademarks.'") (citing *Database Am., Inc.*, 825 F. Supp. at 1213 n.30). Therefore, in light of the everlasting principles of fair play and substantial justice, coupled with the likelihood of a chilling effect on patentees looking to assert and/or protect their legal rights in foreign forums, this Court declines to accept Plaintiff's invitation to exercise specific personal jurisdiction over the Defendants based upon the facts presented here.

Accordingly, without more, this Court is unable to conclude that it may exercise specific personal jurisdiction on the basis of Defendants' December 22, 2010 letter.

### C.     Cases Relied Upon by Plaintiff to Establish Specific Jurisdiction

JAKKS relies upon four cases for the proposition that this Court should exercise personal jurisdiction over the Defendants. As elaborated in greater detail below, each of these cases can be distinguished from the matter pending before this Court.

JAKKS initially relies on *One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc.*, 987 F. Supp. 317 (D.N.J. 1997). In *One World Botanicals Ltd.*, a New Jersey corporation sued a Florida company for trademark infringement. The court determined that personal jurisdiction was proper because the defendant solicited business in New Jersey and shipped allegedly infringing products into New Jersey thereby purposefully availing itself of the privilege of doing business in New Jersey. 987 F. Supp. 317, 324 (D.N.J. 1997).

JAKKS places similar reliance on *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93 (3d Cir. 2004). In *Miller Yacht Sales, Inc.*, the Third Circuit concluded that the district court erred in not finding that the contacts alleged were sufficient to exercise personal jurisdiction over out-of-state defendants who (1) made phone calls from their offices outside of New Jersey to plaintiff's

office in New Jersey; (2) transmitted facsimiles into New Jersey, including proposed licensing agreements; and (3) traveled to plaintiff's offices in New Jersey.

Plaintiff next relies on *Goldhaber v. Kohlenberg*, 395 N.J. Super. 380 (App. Div. 2007). In *Goldhaber*, New Jersey plaintiffs sued a California resident seeking damages for libel. The court determined that based upon the defendant's series of messages, which included disparaging references to the municipality, as well as extremely derogatory comments about plaintiffs, including accusations of bestiality and incest, the "[defendant] should reasonably [have] anticipate[d] being haled into court here." *Id.* at 390 (alterations in original).

The Court finds the cases relied upon by Plaintiff unavailing for the following two reasons. First, unlike *Miller Yacht Sales, Inc.* and *Goldhaber*, which involved several contacts with the forum, the contact at issue here is limited to one letter, which was sent by the Defendants' attorney in connection with the enforcement of the Defendants' patent rights. Finally, unlike the situation presented in *One World Botanicals Ltd.*, the Defendants here neither solicited business in New Jersey nor did they ship allegedly infringing products into New Jersey thereby purposefully availing themselves of the privilege of doing business in this state. (*See* Pl. Opp. Br. at 1 ("The sole act giving rise to JAKKS' claims is Defendants' transmittal to New Jersey of a . . . letter")).[11]

Consequently, the Court finds the cases relied upon by Plaintiff to be distinguishable.

---

[11] Plaintiff also relies on *Giusto v. Ashland Chemical Co.*, 994 F. Supp 587 (E.D. Pa. 1998). In *Giusto*, the district court determined that it could exercise personal jurisdiction over defendant Lovella Hebert based upon defamatory statements which she first made to Ashland Chemical Co. for the purpose of having the plaintiff fired, and then republished in an affidavit to either her employer or directly to the Pennsylvania Human Relations Commission. 994 F. Supp. 587, 589, 592 (E.D. Pa. 1998). The court also acknowledged, despite not finding dispositive, that approximately 25-30% of defendant Herbert's activities concerned Pennsylvania contacts. These contacts included phone calls with Pennsylvania customers, as well as weekly telephone conferences with a secretary based in Ashland's Pittsburgh office. *Id.* at 589. Plaintiff's reliance on *Giusto* is unavailing. First, the alleged defamatory statements at issue in *Giusto* are significantly different than the language contained in Defendants' letter to Toys "R" Us. Finally, the contact in this case is a cease-and-desist letter and not an affidavit littered with defamatory comments.

## V. Conclusion

For the foregoing reasons, the Court finds *in personam* jurisdiction over the Defendants lacking in this district. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiff shall have 30 days to file an amended complaint in accordance with this Court's Opinion. An appropriate Order shall follow.

s/ Esther Salas
**Esther Salas**
**United States District Judge**
